**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JAMES CUMMISKEY** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No.: **PJM 11-956** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

*Pro se* Plaintiff James Cummiskey filed this suit against the Commissioner of the Social Security Administration ("SSA") after the SSA Appeals Council upheld application of a "windfall elimination provision" ("WEP") to reduce his retirement insurance benefits.[1] In August 2011, upon consent of both parties, the Court remanded the case to the SSA for further proceedings and administratively closed the action. Shortly thereafter, the Appeals Council reversed its position and concluded that Cummiskey's retirement insurance benefits were not subject to the WEP. The SSA wired him a refund in the amount of $6,418.00. Cummiskey has now filed a request that the case be reopened in this Court, arguing that the refund did not cover the full amount he was entitled to and that the SSA owes him thousands of dollars more in interest, fees, and damages [Paper No. 12]. The Commissioner has filed an opposition to Cummiskey's request. For the reasons that follow the Court will **REOPEN** the case, **ORDER** the Commissioner to file a response to Cummiskey's reimbursement demand, but otherwise **DENY** the other forms of relief Cummiskey requests.

**I.**

[1] WEP is a modified formula for calculating the retirement benefits of an individual who receives a pension from work where Social Security taxes were not deducted from his or her paychecks. The formula results in lower Social Security benefits. *See* 42 U.S.C. § 415(a)(7).

Born in 1943, Cummiskey worked for a number of years at the United States Department of State and became eligible for a pension in 1993. In October 2008, he applied for retirement insurance benefits, and the SSA determined that he was entitled to such benefits effective January 2009. But because he was also receiving a pension from the Department of State for work that was excluded from the definition of "employment" under the Social Security Act, 42 U.S.C. § 410, the WEP applied. *Id.* § 415(a)(7). Later in 2009, Cummiskey obtained employment at the U.S. Department of Homeland Security, which suspended his pension checks. The SSA subsequently notified Cummiskey that, although he was no longer receiving payments under his pension, the WEP still applied to his Social Security benefits because he was eligible for the pension.

Cummiskey asked the SSA to reconsider its determination. After the SSA upheld its decision, Cummiskey requested a hearing before an Administrative Law Judge who, on October 13, 2010, issued a recommended decision in his favor. On March 9, 2011, The SSA Appeals Council rejected the Judge's recommendation and issued a decision that upheld application of the WEP to Cummiskey's Social Security benefits because he was still eligible for the pension. Having exhausted his administrative remedies, *see* 20 C.F.R. § 900(a)(1)-(5), Cummiskey filed the instant action in April 2011, raising two issues: (1) whether the WEP was inapplicable, and (2) whether the monthly WEP deduction was excessive.

Instead of filing an answer to the Complaint, the Commissioner filed a Motion to Remand [Paper No. 7]. "Upon further review of this case," the Commissioner stated in the Motion, a remand "is warranted for further administrative proceedings and development." The Commissioner asked the Court "for the entry of an Order remanding this case pursuant to the Social Security Act, SENTENCE FOUR of 42 U.S.C. § 405(g)." Cummiskey agreed to the

extent that a remand was proper under the circumstances. Counsel for the Commissioner apparently conceded that the SSA Appeals Council had erred in finding the WEP applicable. Cummiskey thus requested that the Court remove the case "from the docket" until he might notify the Court about withdrawing the Complaint or reopening the case. On August 25, 2011, the Court issued a Memorandum Order [Paper No. 11] granting the Commissioner's Motion to Remand and Cummiskey's request. The Court remanded the case to the SSA "for further administrative proceedings" and directed the Clerk to administratively close the case "until such time as the Court, upon review of a properly filed motion by either party, deems that it should be reopened."

On remand, the Appeals Council found that a person is subject to the WEP only if he or she "concurrently" receives both a pension based on "non-covered employment" and Social Security benefits. The Appeals Council therefore concluded that Cummiskey's Social Security benefits were not subject to the WEP. The SSA notified Cummiskey of this fully favorable "final decision," and in early November 2011, $6,418 was electronically deposited into Cummiskey's account to reimburse him for the erroneously deducted funds. On November 7, 2011, SSA sent Cummiskey a notice explaining what it determined were his monthly benefits and the amount he was reimbursed pursuant to the Appeal Council's decision.

Cummiskey, however, was not satisfied with the outcome of the administrative proceedings. On November 22, 2011, he filed a request "that the referenced case number be added to the docket and be scheduled for a hearing." In his request, he contends that the $6,418 "is less tha[n] the amount withheld." In addition to obtaining what he characterizes as full reimbursement, Cummiskey claims he should be "fully compensated" for the time and effort he has expended on the case. "I believe," he says, "SSA should have to pay late payment penalty

fees and interest on the unpaid amount." He claims as well "treble damages" and "additional compensation." The SSA, Cummiskey asserts, "knew or should have known" that the WEP "did not apply."

The Commissioner opposes Cummiskey's request in all respects.

**II.**

The Commissioner argues that the Court should dismiss Cummiskey's request pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Because the Court remanded the case to the SSA under the fourth sentence of 42 U.S.C. § 405(g), the Commissioner contends the order was a final judgment that divested the Court of jurisdiction. The Court concludes that it still retains jurisdiction over the action.

**A.**

"Section 405(g), which governs judicial review of final SSA decisions, authorizes only two types of remands: those pursuant to sentence four and those pursuant to sentence six." *Krishnan v. Barnhart*, 328 F.3d 685, 691 (D.C. Cir. 2003) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). Sentence four grants a district court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Put another way, sentence four permits a court to remand a case in conjunction with a judgment.

By contrast, a sentence six remand "does not rule in any way as to the correctness of the administrative determination." *Melkonyan*, 501 U.S. at 98. Sentence six allows a court to remand in two circumstances: (1) where the Commissioner requested a remand before filing an answer, or (2) where there is new, material evidence that was for good cause not presented

during the prior proceeding.[2] *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993); *Krishnan*, 328 F.3d at 691; *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999); *Kadelski v. Sullivan*, 30 F.3d 399, 401 (3d Cir. 1994).

There are important differences between an order entering a sentence four remand and a sentence six remand. The former is immediately appealable and results in the district court relinquishing jurisdiction over the case. *Raitport*, 183 F.3d at 104 (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 624-35 (1990)). A sentence four remand "terminates the litigation . . . ." *Shalala*, 509 U.S. at 301. If no appeal is taken and the claimant is dissatisfied with the final decision on remand, he or she can only seek federal judicial review by filing a new civil action. A sentence six remand, however, does not terminate the case and is not a final judgment; it is considered interlocutory and hence non-appealable. *Krishnan*, 328 F.3d at 691. The court retains jurisdiction over the action pending further development by the SSA. *Id.* (citing *Shalala*, 509 U.S. at 297, 299). Depending on whether the SSA issues a favorable decision, the claimant may request that the court review the decision. *McPeak v. Barnhart*, 388 F. Supp. 2d 742, 745 n.2 (S.D. W.Va. 2005).

**B.**

---

[2] Sentence six provides in full:

> The court may, on motion of the Commissioner of Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

The Commissioner argues that the Court issued a sentence four remand order and points to the fact that its Motion to Remand specifically asked the Court to enter an order pursuant to "SENTENCE FOUR of 42 U.S.C. § 405(g)." Yet labels, as the Commissioner concedes, are not controlling. *See Sullivan v. Finkelstein*, 496 U.S. 617, 628 n.7 (1990). In its Motion to Remand, the Commissioner explained that "a remand" was "warranted for further administrative proceedings and development." That language is squarely at odds with a sentence four remand. The Commissioner did not ask the Court to make a final judgment about whether the Appeal Council's decision was or was not correct. And the Court never issued a substantive ruling on that question as part of its Memorandum Order.

The Commissioner also argues that the "type" of remand at issue does not qualify as a sentence six remand. The Court finds just the opposite—the remand bears all the hallmarks of a sentence six remand. The Memorandum Order did not terminate the litigation and underscored that the Court was "not rul[ing] in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Memorandum Order also reiterated the Commissioner's view that a remand was needed "for further administrative proceedings and development" and granted Cummiskey's request that the Court to remove the case from its docket "until such time" as he notified the Court about withdrawing his complaint or adding the case back to the docket. Cummiskey understood the remand to involve the SSA reviewing the Appeal Council's decision on application of the WEP to his Social Security benefits. "In light of the fact that both parties have advised the Court that further proceedings before the SSA are necessary," the Court found that "remand" was "appropriate." The Court made no substantive rulings whatsoever, ordering that the action be remanded "to the SSA for further administrative proceedings" and directing the Clerk to administratively close the case

"until such time as the Court, upon review of a properly filed motion by either party, deems that it should be reopened."

The Commissioner, not Cummiskey, filed the Motion to Remand, and the Commissioner did so in lieu of filing an answer or other response to the Complaint. There was good cause for the Commissioner's request, given the SSA's desire to reconsider its decision on whether Cummiskey was subject to the WEP. The Commissioner believed additional proceedings were warranted.[3]

In sum, the remand order falls under sentence six, not sentence four, and the Court still retains jurisdiction over the case. The Court construes Cummiskey's November 22, 2011 request "that the referenced case numbered be added to the docket and be scheduled for a hearing" as a motion to reopen the case after it was administratively closed.[4] The Court will grant that request insofar as it **ORDERS** that the case be **REOPENED**.[5]

## III.

Having reopened the case, the Court turns to the substance of Cummiskey's November 22, 2011 request. The Court finds that, whereas the dispute over the amount of WEP reimbursement due Cummiskey is properly before it, Cummiskey's various demands for expenses, damages, and other relief have no basis in law and are simply not recoverable.

---

[3] The "new" evidence portion of sentence six is inapplicable to this case.

[4] Given Cummiskey's *pro se* status, his request must be construed liberally such that the Court declines to strike it even if he failed to comply with Local Rule 105, which provides that "[a]ny motion . . . shall be . . . accompanied by a memorandum setting forth the reasoning and authorities in support of it." *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[5] The Commissioner's argument that Cummiskey's request should be rejected because he has not exhausted his administrative remedies is without merit. The applicable regulations provide that when a claimant has sought reconsideration of the SSA's initial determination, asked for a hearing before an Administrative Law Judge, and then requested that the Appeals Council review the decision, he or she has "completed the steps of the administrative review process . . . ." 20 C.F.R. § 900 (a)(5). If the claimant is still "dissatisfied" with the SSA's "final decision," he or she "may request judicial review by filing an action in a Federal district court. *Id.* Here, after the case was remanded back to the SSA, the Appeals Council rendered a "final decision." Cummiskey's only avenue of relief was to return to federal district court to dispute that decision.

**A.**

Cummiskey argues that the SSA did not pay the full amount it improperly deducted under the WEP. He contends that the SSA owes him more than the $6,418.00 it wired into his bank account and disputes the explanation provided in the November 7, 2011 notice sent pursuant to the Appeals Council's decision. This issue is squarely before the Court.[6] The Court will **GRANT** the Commissioner **30 DAYS** to file a response regarding the sum owed to Cummiskey. Cummiskey **SHALL** reply within **30 DAYS** thereafter.

**B.**

Apart from the disputed amount of WEP reimbursement, Cummiskey asserts that he should be "fully compensated" for the time and effort he has expended on the case. He also claims that the SSA "should have to pay late payment penalty fees and interest on the unpaid amount," as well as "treble damages" and "additional compensation." In his view, the SSA "knew or should have known" that the WEP "did not apply" to him.

Cummiskey's argument that he is entitled to compensation for the time he spent pursuing his case amounts to a request for fees for a *pro se* litigant, *see Shlikas v. Sallie Mae, Inc.*, No. WDQ-06-2106, 2011 WL 5825660, at *1 (D. Md. Nov. 16, 2011) (noting that *pro se* plaintiff's requested "labor" fees under the Fair Debt Collection Practices Act were attorneys' fees "by another name"), and has no basis in law. The Social Security Act only permits recovery of fees to attorneys who represent claimants: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation . . . ." 42 U.S.C. § 406(b)(1)(A). Because there is no evidence that Cummiskey was represented by counsel during the various stages of this case, he is not entitled to attorneys' fees under the Act.

[6] The Court reiterates that Cummiskey has exhausted all available administrative remedies. *See* 20 C.F.R. § 404.900.

*See Liberman v. Barnhart*, 232 F. Supp. 2d 18, 20 (E.D.N.Y. 2002) (reaching same conclusion). Cummiskey fares no better under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. It is well-settled that a *pro se* litigant who has not engaged an attorney is not entitled to attorneys' fees pursuant to the EAJA. *See, e.g.*, *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003); *Sec. & Exch. Comm'n v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir. 1994); *Hexamer v. Foreness*, 997 F.2d 93, 94 (5th Cir. 1993); *Celeste v. Sullivan*, 988 F.2d 1069, 1070-71 (11th Cir. 1992).

Cummiskey's demand that the SSA pay late fees and interest on the amount he is owed also finds no support in law. The Social Security Act does not provide for such relief and Cummiskey has cited no legal authority in support of his claims. As the Supreme Court has made clear, "[i]n the absence of congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986). This "no interest" rule applies with equal force to claims based on delayed receipt of funds from the federal government. *See id.* at 322. In this case, there is no indication in the Social Security Act that Congress intended to waive the United States's sovereign immunity for interest on benefits awards. Nor is there any evidence in the Act that Congress intended to authorize litigants to collect late fees from the United States.

Similarly, Cummiskey has not shown, nor can he show, that Congress waived sovereign immunity with respect to his claims for "treble damages" and "additional compensation." Nothing in the Social Security Act's "elaborate remedial scheme" supports such a waiver. *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988) (noting also that the Act does not provide a remedy for "hardships suffered because of delays in . . . receipt of Social Security benefits").

Congress created administrative safeguards to protect the rights of Social Security claimants and made attorneys' fees available to prevailing parties. *See* 42 U.S.C. § 406(b); 28 U.S.C. § 2412. Accordingly, the Court denies the various forms of relief Cummiskey seeks other than reimbursement for improper deductions under the WEP.

To the extent Cummiskey seeks relief based on vague assertions that the SSA engaged in malicious conduct and defrauded him—a seemingly farfetched proposition—he would have to file a separate suit setting forth his allegations, and more importantly, be prepared to back up his claim with plausible law and facts, failing which he may find himself exposed to sanctions. In his Complaint in this case, Cummiskey raised only two issues: (1) whether the WEP was inapplicable, and (2) whether the monthly WEP deduction was excessive. He cannot expand the proceedings at this late stage to add a whole host of additional claims. Indeed, judicial review pursuant to 42 U.S.C. § 405(g) is the exclusive remedy for complaints about the SSA's decisions involving Social Security benefits. *Jarrett v. United States*, 874 F.2d 201, 203-04 (4th Cir. 1989).

**C.**

All this said, if Cummiskey prevails on the reimbursement claim, he may be entitled to costs, fees, and expenses under the EAJA as the "prevailing party." *See* 28 U.S.C. § 2412(a)(1), (d)(1)(A)-(B). *See Robinson v. Sullivan*, 783 F. Supp. 245, 248 (E.D.N.C. 1991) (finding plaintiff's EAJA application premature where the Court had not issued a decision following what was in effect a sentence six remand). That is, at the appropriate time if Cummiskey ultimately prevails, he may file a bill of costs and an application for fees and other expenses. *See* Local Rule 109; 28 U.S.C. § 2412(d)(1)(B). On the other hand, Cummiskey is cautioned that allowable fees and costs have a very narrow meaning within this litigation and he should carefully consult

the federal and local rules (as well as the Office of the Clerk) as to what will and will not be allowed.

**IV.**

Summing up, the Court **ORDERS** that this case be **REOPENED** and that the Commissioner file a response regarding the WEP sum owed to Cummiskey within **30 DAYS**. Cummiskey **SHALL** reply within **30 DAYS** thereafter. As to all the various forms of relief Cummiskey requests other than reimbursement for erroneously withheld benefits, his requests are **DENIED**.

A separate Order will **ISSUE**.

**/s/**
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**April 23, 2012**