——— FILED          ——— ENTERED
——— LOGGED      ——— RECEIVED

APR 0 8 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES CUMMISKEY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No.: **PJM 11-956** |
| | * | |
| COMMISSIONER, SOCIAL | * | |
| SECURITY ADMINISTRATION | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff James Cummiskey initially filed this suit, *pro se,* against Defendant Social Security Administration ("SSA") after the SSA Appeals Council upheld application of a "windfall elimination provision" ("WEP") to reduce his retirement insurance benefits.[1] In August 2011, with the consent of both parties, the Court remanded the case to the SSA for further proceedings and administratively closed the action. Shortly thereafter, the Appeals Council reversed its position and concluded that Cummiskey's retirement insurance benefits were not subject to the WEP. The SSA subsequently wired him a refund in the amount of $6,418.00.

Cummiskey has filed a request that the case be reopened in this Court, initially arguing that the refund did not cover the full amount he was entitled to and that the SSA owes him thousands of dollars more in interest, fees, and damages. The SSA filed an opposition to Cummiskey's request, contending that the Court lacked jurisdiction and also moving to dismiss for failure to state a claim. The Court held that it did have jurisdiction and ordered the case reopened as to the appropriateness of the refund amount, but dismissed Cummiskey's requests

---

[1] WEP is a modified formula for calculating the retirement benefits of an individual who receives a pension from work where Social Security taxes were not deducted from his or her paychecks. The formula results in lower Social Security benefits. *See* 42 U.S.C. § 415(a)(7).

-1-

for interest, fees, and damages. (*See* April 23, 2012 Opinion.)  In response to the Court's opinion, the SSA filed another opposition, renewing its motion to dismiss for failure to state a claim and seeking reconsideration of the Court's prior ruling as to jurisdiction.  The Court denied the SSA's motion to reconsider its jurisdiction, and deferred on its motion in all other respects.  (*See* November 15, 2012 Order.)  The Court then instructed both parties to submit all documentation they had regarding the amount of benefits that had been improperly withheld during the period when the SSA was erroneously applying the WEP to Cummiskey's salary.  The Court reiterated then, and does so again, that the only issue remaining between the parties was and is whether the $6,418 paid to Cummiskey fully compensated him for the benefits that were improperly withheld from September 2009 until October 2011.  (*See* November 16, 2013 Letter Order.)

\* \*

In response to the Court's request, Cummiskey has now filed documents indicating that, after further review and calculations, he believes he was compensated the appropriate amount for the benefits withheld, give or take $2.20.  But he requests again an explanation from the SSA as to how it calculated his benefits, and further states that he is entitled to pre-September 2009 funds if the SSA cannot explain itself. The SSA has filed documents contending that the $2.20 difference is a rounding error, and states that Cummiskey has no legal basis for his new demand of earlier 2009 monies.  The SSA reiterates its position that there is no justiciable controversy now that Cummiskey has agreed he was fully compensated for the erroneously withheld benefits.

The Court is convinced by the most recent submissions of the parties that there is no longer a justiciable claim or controversy as to the period in question -- September 2009 to October 2011, when the benefits were inappropriately withheld.  Cummiskey no longer contests that he was underpaid these benefits, and no other time period is before the court in this

litigation.  As there is no longer an actual controversy between the parties, this case must be dismissed. *See Already, LLC v. Nike, Inc.,* 133 S.Ct. 721, 726 (2013).  The Court **GRANTS** Defendant's Motion to Dismiss.[2]

A separate Order will **ISSUE.**

/s/

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**April 5, 2013**

---

[2] Cummiskey has inquired as to filing fees.  The Court notes that filing fees are typically only recoverable from the opposing party by the prevailing party.  Cummiskey cannot be said to be the prevailing party here, so filing fees are not available to be recovered from the SSA.